

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2009

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1501

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Li v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1907.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1907

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1501

———————

LI YONG LI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-769-710)
Immigration Judge:  Honorable Roxanne C. Hladylowycz

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2009

Before:  AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 6, 2009)

———————

OPINION

———————

PER CURIAM

Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA")

dismissing his appeal from the Immigration Judge's ("IJ") order of removal.  For the

following reasons, we will deny the petition for review.

Petitioner, Li Yong Li, is a native and citizen of China. Li entered the United States without inspection in 2004, and has remained in the country since then. On June 9, 2005, Li filed an application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). In his application, Li alleged that he would be persecuted if forced to return to China because he was wanted by the authorities for practicing Falun Gong. In addition, Li claimed past persecution on the ground that the Chinese government prevented him and his wife from having a second child.

On May 9, 2007, Li appeared for a hearing before Immigration Judge ("IJ") Roxanne C. Hladylowycz. At the hearing, Li testified that, when he was living in China, he regularly practiced Falun Gong in a public park with a number of other practitioners. According to Li, all of these individuals were later arrested and, in December 2003, Chinese authorities went to his parents' home to arrest him as well. As a result, Li went into hiding and eventually left the country. Li stated that he continues to practice Falun Gong in this country, although he is not a member of an organized group. Li claims that Chinese authorities are still looking for him.

With respect to his family planning claim, Li testified that in 1999, several days after his wife gave birth to a daughter, Chinese authorities demanded that she have an IUD inserted to prevent future births. Li stated that, although his wife did not initially comply with the government's demand, authorities later forced her to undergo the

procedure.

Following the hearing, IJ Hladylowycz found that Li had failed to meet his burden of establishing either a well-founded fear of future persecution due to his practice of Falun Gong, or past persecution on the basis of China's family planning policy. The IJ explained that Li's story was "sketchy," "vague," and "devoid of any detail," (AR 00041) and that he failed to provide any corroborating evidence. Therefore, the IJ denied Li's applications.

Upon review, the BIA affirmed the IJ's decision denying relief. First, the BIA construed the IJ's decision as including an adverse credibility determination, and found that it was supported by substantial evidence. In addition, the BIA found that substantial evidence supported the IJ's finding that Li's claims were uncorroborated. Li now seeks review of the BIA's decision.

## II.

We have jurisdiction to review the BIA's order of removal under 8 U.S.C. § 1252(a)(1). When, as here, the BIA issues a decision on the merits and not simply a summary affirmance, we review the BIA's, not the IJ's, decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). We will sustain the BIA's decision if there is substantial evidence in the record to support it. Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003). Under this deferential standard, the BIA's decision will be upheld "unless the evidence not only supports a contrary conclusion, but compels it." Id.

3

III.

The BIA affirmed the IJ's decision on the ground that substantial evidence supported both the IJ's adverse credibility determination and her finding of insufficient corroboration.

We think it adequate to focus on the IJ's determination that Li failed to adequately corroborate his claims, a determination which is plainly supported by substantial evidence. This Court has made clear that, if it would be reasonable to expect an otherwise-credible applicant to provide evidence corroborating the specifics of his testimony, then an applicant who neither introduces such evidence, nor offers a satisfactory explanation as to why he cannot do so, may be found to have failed to meet his burden of proof. See Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001) (citing In re S-M-J-, 21 I. & N. Dec. 722 (BIA 1997)). In denying asylum based on a lack of corroboration, the IJ must conduct the following three-part inquiry: (1) an identification of facts for which it is reasonable to expect corroboration; (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so. Toure v. Att'y Gen., 443 F.3d 310, 323 (3d Cir. 2006); Abdulai, 239 F.3d at 554.

Here, IJ Hladylowycz found that Li failed to meet his burden of proof on either his Falun Gong or family planning claims because he failed to corroborate his "sketchy" testimony with any documentary evidence. First, the IJ found that Li had failed to

4

provide sufficient evidence of his identity because the birth certificate that he provided had not been authenticated, see 8 C.F.R. 287.6, and because he failed to provide any other original documentation—such as his national ID card or his passport—confirming his identity. Next, the IJ explained that Li failed to provide any witnesses to corroborate his testimony that he practices Falun Gong, particularly his cousin, who lives nearby. Nor did he provide a letter from his wife, parents, or other practitioners confirming that he practices the discipline. Finally, with respect to Li's family planning claim, IJ Hladylowycz correctly noted that the only evidence Li submitted to corroborate his story was his wife's gynecological check-up booklet. The IJ found that, although this booklet confirms that his wife had an IUD inserted, it does not in any way indicate that the procedure was involuntary. Although we disagree with IJ Hladylowycz that Li should have been able to obtain a copy of his arrest warrant, this does not change our conclusion.

Based on our review of Li's testimony, we conclude that it was reasonable for the IJ to require corroboration. See Abdulai, 239 F.3d at 554. Furthermore, in discussing Li's failure to provide corroborating evidence, the IJ appears to have complied with the requirements of Abdulai; she identified the evidence that Li could have submitted, and she gave him an opportunity to explain his failure to do so. See id. In addition, she found—albeit implicitly—that Li's explanation for the gaps in the evidence was inadequate. See id. Accordingly, we conclude that the BIA's decision affirming the IJ's corroboration finding is supported by substantial evidence.

5

Given that Li failed to establish either past persecution or a well-founded fear of future persecution, the BIA correctly determined that he necessarily failed to meet the higher burden required for withholding of removal. See Gomez- Zuluaga v. Att'y Gen., 527 F.3d 330, 348-49 (3d Cir. 2008). The BIA also correctly determined that Li did not meet the criteria for relief under the CAT because he failed to establish that it was more likely than not that he would be tortured if removed to China. See 8 C.F.R. § 208.16(c)(2).

## IV.

For the foregoing reasons, we will deny the petition for review.